UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80100-CR-DIMITROULEAS

UNITED STATES OF AMERICA

    Plaintiff,

v.

MICHAEL BRETSIK

    Defendant,
_____/

**ORDER**

THIS CAUSE is before the Court on Magistrate Judge Reinhart's July 11, 2025 Report and Recommendation. [DE-23] The Court has considered the Government's July 23, 2025 Objections [DE-26] and Defendant's August 4, 2025 Response. [DE-28]. The Court listened to a recording on the Michigan detention hearing. The Court held a hearing on August 14, 2025. The Court has reviewed the transcript of the July 3, 2025 hearing, and finds as follows:

1. The Defendant was arrested on May 28, 2025 in the Eastern District of Michigan based on a Criminal Complaint filed in the Southern District of Florida on May 22, 2025. [DE-3]

2. On May 28, 2025, Magistrate Judge Curtis Ivy, Jr. of the Eastern District of Michigan ordered detention. [DE-7, pp 2-6]. Judge Ivy found that Bretsik had rebutted the presumption of detention, but the Judge still ordered him detained as being a danger to the community. Brestik had not been honest with pretrial serves regarding his seven month old step-grandchild visiting his home and his possessing a business cell phone.

3. On June 24, 2025, an Indictment was returned charging the Defendant with twelve (12) counts of Distribution of Child Pornography. [DE-10]   Each count carries a maximum sentence of twenty (20) years in prison with a five (5) year mandatory minimum.  The anticipated guideline range is very high.

4. On July 3, 2025, Defendant was arraigned, and Magistrate Judge Reinhart heard arguments regarding detention. [DE-20]

5. On July 11, 2025, Judge Reinhart treated Defendant's request as a *nunc pro tunc* Motion to Revoke the detention order.  Judge Reinhart recommended that the Michigan detention order be revoked, and that Defendant be released on conditions [DE-23].

6. Judge Reinhart considered all appropriate matters (indictment, criminal complaint, matters at the July 3, 2025, hearing and the transcript of the Michigan detention hearing). He considered the § 3142(g) factors. He found the evidence to be strong. He found that Defendant had strong ties to Michigan but was not fully honest with the Pretrial Services Officer when interviewed.  Defendant has no prior criminal history, and there is no evidence of flight.  Judge Reinhart found that there is other evidence that rebuts the presumption that no conditions would reasonably assume his appearance and the safety of the community.  Upon a *de novo* review, this Court now agrees.

7. On July 23, 2025, the Government filed objections to Judge Reinhart's order [DE-26].

8. On August 4, 2025, the Clerk reassigned this case to the undersigned.  Defendant also filed a response. [DE-28]

9. The Court disagrees with the Government's response and adopts the findings of the Florida Magistrate Judge. See *United States v. King,* 849 F.2d 485 (11th Cir. 1988).

10. Title 18, United States Code, Sections 3142(g) requires the Court to consider the nature and circumstances of the offense, the weight of the evidence against the Defendant, the history and characteristics of the Defendant, and the nature and seriousness of any danger to a person or to the community caused by the Defendant's release. After considering those factors, and based upon the above factors, the Court specifically finds by a preponderance of evidence that a combination of conditions of release will reasonably assure the defendant's appearance. 18 U.S.C. § 3142(e).

Wherefore, the Detention Order entered in Florida is adopted and re-imposed, with added conditions of a $50,000 CSB and home confinement.  A separate order will be entered.  The Objection to the Report and Recommendation is overruled [DE-26].  The Report and Recommendation [DE-23] is approved.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 14th  day of August, 2025.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record