**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-80100-CR-DIMITROULEAS**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL BRETSIK, | ) |
|    a/k/a "beezerracing3671," | ) |
|    a/k/a "M.B," | ) |
| | ) |
|    **Defendant.** | ) |
| _____ | ) |

**GOVERNMENT'S RESPONSE TO OBJECTIONS TO PRESENTENCE REPORT**

The United States respectfully responds to defendant Michael Bretsik's clarifications and objection (D.E. 47) to the presentence report (D.E. 46).  The government takes no position on the defendant's clarifications to the PSI because the clarifications do not affect the guidelines.  The government opposes the defendant's objection to paragraph 123 of the PSI, whereby the defendant argues that factors warrant a downward variance.  The government recommends a sentence at the high-end of the guidelines range—188 months' imprisonment.

**Sentencing Recommendation**

The defendant's guidelines range is 151-188 months' imprisonment (D.E. 46 ¶ 110).  The defendant objects to paragraph 123 of the presentence report and argues for a downward variance. The defendant argues his personal history and characteristics, acceptance of responsibility, role as a caretaker for his adult son, and low likelihood of recidivism warrant a downward variance (D.E. 47 at 6).

In sentencing the defendant, the Court must consider, among other factors, the nature and circumstances of the offense, the seriousness of the offense, and the need to provide just punishment for it. 18 U.S.C. § 3553(a)(1), (a)(2)(A).

The nature and circumstances of the offense, and the seriousness of it, alone warrant a sentence at the high-end of the guidelines. The defendant engaged in the serious offense of distributing child sexual abuse material. This offense is not a passive or victimless crime. The distribution of child sexual abuse material is an act of participation in the ongoing sexual exploitation of children. Every time these images are shared, the abuse is renewed, the victims are re-victimized, and the market that incentivizes the conduct is sustained. The seriousness of the offense cannot be overstated. The defendant did not merely possess these materials; the defendant actively distributed them, expanding their reach and ensuring the victim's sexual exploitation will persist indefinitely. Victims live with the knowledge that their sexual abuse images and videos are continuously viewed, traded, and preserved by strangers. That permanent loss of dignity is a lifelong harm. The defendant's distribution of the sexual abuse of children required affirmative conduct and reflected his deliberate choice to actively participate in a market depending on sexual abuse of children. The defendant's conduct included not only the distribution of sexual abuse of children being vaginally raped, but he also made disturbing comments, including "so tight." One of the comments included a toddler being orally penetrated, and the defendant commented to "make her squirm." Other posts included prepubescent children with their vaginas exposed and a male penis rubbing on it, whereby the defendant commented "wish that were my cock." Thus, a profound disregard for the welfare of children warrants a sentence at the high-end of the guidelines.

Further, the Court must make an individualized assessment of the defendant and consider the need for the sentence imposed to promote respect for the law, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.   18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C).   A significant sentence is necessary here to achieve both specific and general deterrence. The Court must also consider the need to protect the public—particularly our most vulnerable members of society, children—from individuals who contribute to this sexual exploitation. Here, the defendant exploited numerous victims of sexual abuse. The defendant distributed thousands of images of child sexual abuse material, yet the defendant only received a five-level enhancement for "600 or more images" (PSI ¶¶ 53). This number of images substantially underrepresents the number of images depicted in this case.

For this reason, the government recommends a sentence of 188 months' imprisonment to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant. Anything less would fail to account for the enduring harm on the children and the role the defendant played in perpetuating that harm.

WHEREFORE, the government respectfully opposes the defendant's request for a downward variance.  The government recommends a sentence of 188 months' incarceration.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY


By:    /s/ Shannon O'Shea Darsch
        SHANNON O'SHEA DARSCH
        Assistant United States Attorney
        Florida Bar No. 68566
        U.S. Attorney's Office
        500 S. Australian Ave., Suite 400
        West Palm Beach, Florida 33401
        Telephone: (561) 209-1027
        Email: shannon.darsch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2025, I electronically filed the foregoing with the Clerk of the Court.

/s/ Shannon O'Shea Darsch
Assistant United States Attorney